COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

FOOD LION, INC.
AND
ALEXSIS RISK MANAGEMENT

v.   Record No. 1265-95-2                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
THOMAS E. STRETCHER                          NOVEMBER 14, 1995

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Cathie W. Howard; Williams & Pierce, on brief),
                 for appellants.

                 (Zenobia J. Peoples, on brief), for appellee.


      Food Lion, Inc. and its insurer (hereinafter collectively

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Thomas Stretcher ("claimant")

proved that he sustained an injury by accident arising out of and

in the course of his employment on July 1, 1994.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

      On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  This

Court will uphold the commission's factual findings if supported

by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va.

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

App. 512, 515, 382 S.E.2d 788, 788 (1990). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Claimant testified that, on July 1, 1994, in the course of his employment as an order selector at employer's distribution center, he injured his back. In describing the accident, claimant stated that he was "selecting" on aisle 16 when he went into aisle 16(2), slot 32, to retrieve two cases of soft drinks. As he did this, he stepped on a pallet on the floor. The pallet broke, and he almost fell as he held the two cases of soft drinks.

Claimant stated that he tried to tell Alan Carmichael, lead shipping supervisor, that he hurt his back on aisle 16(2). Carmichael responded by telling claimant that there was nothing wrong with him. While claimant continued to pull orders, he complained several more times to Carmichael about his back. Claimant was out of work for five days following the incident. He called in each day and told Keith Johnson, the lead person on grocery shipping, that he had hurt his back at work. Carmichael and Johnson denied that claimant reported the accident to them when it happened or during the following five days.

Michael Mauger, a grocery shipping supervisor, testified

that claimant did not report the July 1, 1994 injury to him until July 15, 1994. Mauger denied that claimant told him about falling through a pallet. He asserted that claimant told him only that he hurt his back pulling on aisle 16(0). Claimant was not sure whether he told Mauger of the pallet incident before July 15, 1994.

Christopher Brown, claimant's former coworker, testified that claimant told him on the night of June 30-July 1 that he had hurt his back in aisle 16(2) when he stepped on a pallet. Sterling Royal, another coworker, testified that claimant told him on the night of June 30-July 1, that he had hurt his back. On that same night, Royal also heard claimant tell Carmichael that he had hurt his back in aisle 16(2).

Robin Wood, a shipping clerk, recalled that claimant told her "he was hurt or hurting" on the night of the alleged accident. However, she thought he was joking and she told him to go back to work.

Claimant was examined at the John Randolph Hospital emergency room on July 20, 1994 for back and leg pain, with increasing leg, knee, and right groin pain after standing. The emergency room report contains an accident date of July 14, 1994, but does not reflect the pallet incident described by claimant.

On July 21, 1994, Dr. David Compton recorded a history of an accident consistent with claimant's testimony. An MRI revealed that claimant had sustained a herniated disc at the L5-S1 level.

On August 3, 1994, Dr. Michael Kyles, an orthopedist, examined claimant on a referral from Dr. Compton. He noted an episode of "torsional force" at work on June 30, 1994.

Based upon this record, the commission found that claimant met his burden of proving an injury by accident arising out of and in the course of his employment. In so ruling, the commission found as follows:

> After careful Review of the entire record, we agree with what is essentially a credibility finding by the Deputy Commissioner. The record supports the Deputy Commissioner's decision. The testimony established that pallets were in aisle 16 (2), and that the claimant reported his back was hurting to several people. Robin Wood's testimony supported the claimant [sic] assertion that his complaints were not taken seriously the night of June 30–July 1. Moreover, while the emergency room report contains no history of injury, Dr. Compton and Dr. Kyles subsequently reported a history corroborative of the claimant's testimony. The medical evidence taken as a whole supports the finding that claimant sustained a herniated disc as a result of the incident involving the pallet.

The full commission, after reviewing the witnesses' testimony and the medical evidence, found, as did the deputy commissioner, that its decision hinged on a credibility determination. As fact finder, the commission resolved any inconsistencies between claimant's testimony and that of his supervisors in favor of claimant. Claimant's testimony, which was corroborated by coworkers Brown and Royal, and the medical records, which reflect a history of back pain following the

4

pallet incident, provide ample credible evidence to support the commission's finding.  Thus, we are bound by it's finding on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>